Angela Alioto (SBN 130328)
Jordanna G. Thigpen (SBN 232642)
**LAW OFFICES OF JOSEPH L. ALIOTO AND ANGELA ALIOTO**
700 Montgomery Street
San Francisco, CA 94111
Tel: 415-434-8700
Email: jgt@aliotolawoffice.com

*Attorneys for Plaintiffs*

Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile:  +1 415 391 8269

Michael A. Correll (*Pro Hac Vice*)
mcorrell@reedsmith.com
Amanda E. Brown (*Pro Hac Vice*)
aebrown@reedsmith.com
Reed Smith LLP
2850 N. Harwood St.
Suite 1500
Dallas, TX 75201
Telephone: +1 469 680 4200
Facsimile:  +1 469 680 4299

*Attorneys for Defendant United Airlines, Inc.*

JOINT CASE MANAGEMENT STATEMENT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KIM GUILLORY and SHARON TESLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Delaware corporation, and DOES 1-50,<br><br>Defendants. | CASE NO.  4:20-cv-7199 JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br>[Fed. R. Civ. P. 26(f) and L.R. 16-9]<br><br>Date:       February 2, 2020<br>Time:      2:00 p.m.<br>Location: Courtroom 6,<br>              1301 Clay Street<br>              Oakland, CA 94612<br><br>Judge:     Hon. Jon S. Tigar |

Plaintiffs Kim Guillory and Sharon Tesler ("Plaintiffs") and Defendant United Airlines, Inc. ("United") (collectively, the "Parties") submit the following report on their early meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, the Court's Order Standing Order for All Judges of the Northern District Court: Contents of Joint Case Management Statement, and this Court's Standing Order for All Civil Cases Before District Judge Jon S. Tigar.

Counsel for the Parties submitting this Joint Statement conducted their Rule 26 early meeting by telephone on December 10, 2020.

**Counsel for Plaintiffs Kim Guillory and Sharon Tesler:**

Angela Alioto and Jordanna Thigpen (Of Counsel)

The Law Offices of Joseph L. Alioto and Angela Alioto

700 Montgomery Street

San Francisco, CA 94111

|    |                                                      |
|----|------------------------------------------------------|
| 1  | (415) 434-8700                                       |
| 2  | Email: jgt@aliotolawoffice.com                       |

**Counsel for Defendant United Airlines, Inc.:**

Michele Haydel Gehrke

mgehrke@reedsmith.com

Reed Smith LLP

101 Second Street

Suite 1800

San Francisco, CA  94105-3659

Telephone: +1 415 543 8700

Facsimile:  +1 415 391 8269

Michael A. Correll

mcorrell@reedsmith.com

Amanda E. Brown

aebrown@reedsmith.com

Reed Smith LLP

2850 N. Harwood St.

Suite 1500

Dallas, TX 75201

Telephone: +1 469 680 4200

Facsimile:  +1 469 680 4299

### A. JURISDICTION AND SERVICE

The case was initially filed in State Court, but United removed the action based on diversity jurisdiction (28 U.S.C. § 1332) and Plaintiffs did not file a motion to remand.  As pled, the matter in controversy exceeds the sum or value of $75,000.  United has been served and filed an answer.  As noted in United's answer, United believes that Plaintiffs' claims may be preempted, in whole or in part, based on the Railway Labor Act ("RLA").

B.     FACTS

**Plaintiff's Statement:**

This is a case brought under the California Fair Employment and Housing Act ("FEHA"), which was initially brought in San Mateo County Superior Court, and removed to the Northern District of California. Plaintiffs Kim Guillory and Sharon Tesler ("Plaintiffs") are flight attendants for United Airlines, Inc. ("United"), who have been employed since 1992 and 1986, respectively. Plaintiff Ms. Guillory is Black and over the age of 39, and Plaintiff Ms. Tesler is Jewish and over the age of 39. United merged with Continental Airlines beginning in October 2010, a gradual process which occurred over many years. The flight attendants of the two companies eventually merged/integrated in 2018. At all relevant times, United has offered "charter flights" to various customers. Through the charter flights program, a customer can hire a plane on a one-time basis (also known as "ad hoc"), or can establish an account for regular charter transportation. Typical customers of the charter program include, but are not limited to, large corporations desiring to transport groups of executives, and sports teams and franchises (both professional and college teams). Charter flights are also used by the United States military to supplement military transportation.

The charter program is an established and administered program at United, with dedicated personnel and management, including what are called "Inflight Charter Coordinators," a role performed by individual flight attendants. Flight attendants are also necessary to staff the charter flights, to serve the customers participating in the charter program. Plaintiffs allege that the selection of and assignment of flight attendants to act as Inflight Charter Coordinators and to staff these charter flights as flight attendants is being performed in a discriminatory manner, in violation of California law. United was repeatedly advised – by Plaintiffs and, on information and belief, other flight attendants – that the selection procedures were in violation of FEHA. Specifically, Plaintiffs allege that the selection and assignment of personnel for the charter flights is and continues to be unlawfully based on race and age, and that

the positions are only open to personnel who fit a specific visual image, which is mostly young, white, female, and blond.  Plaintiffs also allege that they have been retaliated and harassed for speaking out against the discrimination and unfair selection process in the charter program, and based on other facts specific to their individual employment.  Plaintiffs allege the following causes of action: (1) Discrimination in Violation of FEHA - Race; (2) Discrimination in Violation of FEHA – Age; (3) Racial Harassment in Violation of FEHA; (4) Retaliation in Violation of FEHA; and (5) Failure to Prevent Discrimination and Harassment in Violation of FEHA.  Plaintiffs seek statutory damages under FEHA.

**United's Statement:**

United denies Plaintiffs' allegations, asserts numerous affirmative defenses, and disputes liability as well as damages.

Plaintiffs are currently employed by United as flight attendants and have previously been staffed on charter flights.  United promptly and thoroughly investigated Plaintiffs' complaints regarding the charter program.  As part of its investigation, United reviewed the demographic data for the flight attendants staffed on charter flights and determined that charter flight attendants represent a diverse range of ages, genders, races, and other demographics.

United's investigation into Plaintiffs' claims also revealed that Plaintiffs' concerns are based on their fundamental misunderstanding of how United conducts its charter flight staffing and that no discrimination has occurred in the selection of flight attendants for charter flights.  Per the collective bargaining agreement, charter clients can request that specific flight attendants be assigned to their flights based on their positive experience with the flight attendants.  These flight attendants are then placed on a designated list for the particular charter client that is used to staff flight attendants on the client's charter flights.  Consistent with United's EEO and anti-discrimination

policies, neither United nor its charter clients are not permitted to discriminate in the creation or use of the designated charter lists.

With respect to the charter flights that Plaintiffs alleged involved discriminatory staffing, the selection of the crew members was consistent with the charter clients' designated lists, which were created and used in a non-discriminatory manner and in accordance with United's EEO and anti-discrimination policies.

Finally, United did not retaliate against Plaintiffs for voicing their concerns. Rather, United thanked Plaintiffs for raising their concerns and committed to striving to improve the transparency of the charter staffing process.

## LEGAL ISSUES

### Plaintiff's Statement:

(1) Did United cause and/or permit personnel to be selected for charter program positions (flight attendants and/or Inflight Coordinators) to be based on age and/or race, in violation of FEHA?

(2) Did United cause or permit a racially hostile and harassing work environment for Plaintiffs, in violation of FEHA, by failing to permit Plaintiffs to apply for positions that are made available only to white employees; failing to support Plaintiffs when subjected to racial discrimination and harassment by other employees; and/or imposing meritless discipline upon Plaintiff Guillory, including an involuntary suspension?

(3) Did United retaliate against Plaintiffs when they complained about discrimination, in violation of FEHA?

(4) Did United fail to prevent discrimination and harassment allegedly suffered by Plaintiffs, in violation of FEHA?

(5) Are Plaintiffs entitled to statutory relief, including damages, punitive damages, and attorneys' fees and costs, if they prevail?

**United's Statement:**

(6) Are Plaintiffs' causes of action are barred, in whole or in part, by United's affirmative or other defenses, including preemption under the RLA?

### C.  MOTIONS

Plaintiffs do not anticipate filing any motions unless there are discovery issues. United anticipates filing a motion for summary judgment.

### D.  AMENDMENT OF PLEADINGS

At this juncture, the Parties do not contemplate making any amendments to the pleadings.

### E.  EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### F.  DISCLOSURES

The Parties provided timely initial disclosures on December 14, 2020 pursuant to General Order 71. Plaintiffs contend that United's initial disclosures and its document production were incomplete. Likewise, United contends that Plaintiffs' initial disclosures and document production are incomplete. The Parties are meeting and conferring regarding their initial disclosures.

### G.  DISCOVERY

The Parties exchanged document productions pursuant to their GO 71 initial disclosures on December 14, 2020. Plaintiffs have indicated they will serve subpoenas

requesting documents pursuant to Fed. R. Civ. P. 45 to a number of third party witnesses who are customers of the charter program. United has requested that before serving potentially unduly burdensome and harmful subpoenas on United's customers, Plaintiffs give United the opportunity to provide such information/documents to mitigate any unnecessary harm.

**1.  Initial Disclosures.** Pursuant to General Order 71, the Parties exchanged initial disclosures on December 14, 2020.

**2.  Written discovery.**  Currently, the Parties do not anticipate seeking more than the following standard limits on written discovery:

- 25 Interrogatories.
- 25 Requests for Admission.
- No current limit for reasonably particular requests for production of documents.
- 10 depositions per side.

**3.  Electronically-Stored Information.** The Parties agree that electronically stored information will normally be produced in PDF format. Native electronic format may be used if reasonably required.

**4.  Protection of Discovery Materials.**  The Parties negotiated a protective order for confidential or privileged discovery materials, which has been entered by the Court.  DE 16.

**H.  CLASS ACTIONS AND RELATED CASES**

This is not a class action, and there are no related cases.

**I.  RELIEF**

Plaintiffs seek (1) compensatory damages in an amount according to proof; (2) damages for emotional distress; (3) punitive damages; (4) reasonable attorneys' fees and costs of suit.  United denies that Plaintiffs are entitled to any relief.  To the extent

United prevails in its defense against Plaintiffs' claims, it reserves the right to seek the recovery of its reasonable attorneys' fees and costs.

**J.      SETTLEMENT AND ADR**

The Parties have agreed to a private mediation with Hon. Jamie Jacobs-May (Ret.) on March 11, 2021. Plaintiffs have not provided a settlement demand, but have agreed to do so prior to mediation. To date, no settlement discussions have taken place to date.

**K.      CONSENT TO MAGISTRATE; OTHER REFERENCES**

Plaintiffs did not consent to proceeding before a magistrate judge and timely notified the Court of the same. There are no other references that are appropriate.

**L.      NARROWING OF ISSUES**

The Parties agree to stipulate facts before trial and to bifurcate the issue of punitive damages.

**M.      EXPEDITED TRIAL PROCEDURES**

This case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**N.      SCHEDULING**

| Event | Plaintiff Proposed Date(s) | United Proposed Date(s) |
|---|---|---|
| Last day to amend pleadings or add parties | April 30, 2021 | February 16, 2021 |
| Fact Discovery cut-off | December 5, 2021 | December 5, 2021 |
| Expert Disclosure | December 15, 2021 | March 5, 2022 |
| Expert Disclosure (rebuttal) | January 14, 2022 | March 19, 2022 |

| Expert Discovery Cutoff | February 11, 2022 | April 18, 2022 |
|---|---|---|
| Last day for filing *Daubert* motions | | May 9, 2022 |
| Last day for hearing dispositive motions, excluding *Daubert* motions | March 2, 2022 | February 5, 2022 |
| Last day to conduct ADR proceedings | March 31, 2022 | May 7, 2022 |
| Last day to file Joint Pretrial Statement | June 3, 2022 | June 3, 2022 |
| Final Pretrial Conference | June 10, 2022 | June 10, 2022 |
| Jury Trial (in person) | June 27, 2022 | June 27, 2022 |

**O.** **TRIAL**

**P.** The case will be tried to a jury; Plaintiffs anticipate 10-12 days for trial, and Defendant anticipates 7-10 days for trial. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

The parties have filed their respective Disclosures of Non-Party Interested Entities. DE 2, DE 17.

**Q.** **PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated: January 26, 2021      **THE LAW OFFICES OF JOSEPH L. ALIOTO AND ANGELA ALIOTO**

*/s/ Jordanna G. Thigpen (w/ permission)*
Jordanna G. Thigpen
*Attorneys for Plaintiffs*

Dated: January 26, 2021      **REED SMITH LLP**

*/s/ Michele Haydel Gehrke*
Michele Haydel Gehrke
*Attorneys for United Airlines, Inc.*

## ATTESTATION RE: ECF FILING

I declare under penalty of perjury on this 26th day of January at San Francisco, California that all other signatories listed on whose behalf this electronic filing is submitted concur in the filing's content and have authorized the filing.

*/s/ Michele Haydel Gehrke*
Michele Haydel Gehrke